On Petition for Rehearing.
Howard, J.
Counsel for appellant seem to think that the principal opinion holds that the lodge had no right to continue up the party wall, or that if it did so continue up such wall, the appellee might use it without paying her proper portion of the cost. No such holdings were made. The opinion held that if the appellant continued the wall up from the second story it should be continued as a party wall, and not as a private wall for the exclusive use of appellant. In both of counsel’s briefs for a rehearing it is admitted that the wall built upon the party wall, that is, from the second story up, and being of course six and one-half inches over on apellee’s real estate, is a wall with windows looking out over appellee’s property. Such a wall is not a party wall, but a private wall for the exclusive use of the appellant. This is not in fact denied, and yet counsel seriously contend that appellant had a right to build such a wall for its *443 own exclusivo use over upon the territory of the appellee. If appellant has any easement of light and air over appellee’s premises, which is very doubtful, it must seek to use such easement from its own premises and not by erecting its wall upon appellee’s premises. If, on the other hand, appellant .chooses, to avail itself of its right to build up the party wall, it may do so; but it cannot deprive appellee of the right to use such party wall on payment of proper compensation. But in no case can appellant have both privileges, that is, to build upon the party wall, and so over upon appellee’s premises, a private wall for its own exclusive use and benefit, with windows looking out over appellee’s premises. If appellant desires a private wall it must erect such wall upon its own premises; and if it desires a party wall it must make it a party wall, that is, a wall without doors or windows, and for appellee’s use, on compensation paid, as well as for its own use. Under the decree it may exercise either privilege, but in any case it could not have both; they are inconsistent.
The petition is overruled.